UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RUBEN ROBLEDO-OLVERA, an individual; NORMA CENICEROS-HERRADA, an individual; and NORMA CENICEROS-HERRADA as parent and natural guardian for minor child RUBEN ROBLEDO,<br><br>                    Plaintiffs,<br><br>          v.<br><br>DAVID SCOTT THROND, an individual; T.S. EXPRESS, INC., a foreign corporation and DOES I through X, and ROE CORPORATIONS I through X, inclusive,<br><br>                    Defendants. | Case No. 2:18-CV-00519-GMN-EJY<br><br>**AMENDED ORDER** |

This Amended Order corrects a scrivener's error that appears on page 3, lines 17 and 20 of ECF No. 37.  No other substantive changes to ECF No 37 have been made.

Before the Court is the Amended Petition for Compromise of Minor's Claim (ECF No. 36) filed by Norma Ceniceros-Herrada ("Petitioner"), the natural mother and legal guardian of Ruben Robledo-Olvera ("Robledo").  The Amended Petition is unopposed.

## **BACKGROUND**

Petitioner alleges that her son's date of birth is July 4, 2003.  In 2016, Robledo was a passenger in the back seat of a vehicle, in which Petitioner was also present, when Defendant rear-ended the vehicle.  Defendant was driving a tractor trailer for T.S. Express, Inc. at the time.  There is no dispute that Defendant was acting within the course and scope of his employment at the time he rear-ended the vehicle in which Robledo was a passenger.  Over the next few months Robledo received treatment.  Robledo has no permanent injuries as a result of the accident.

Petitioner made a claim for damages on behalf of her son and Defendants, by way of their insurer, agreed to pay $15,697.33 (the "Settlement").  The Settlement is subject to contingent attorney's fees in the amount of $4,000, and costs of $2,427.33.  Robledo's Settlement is also subject to payment of $2,970.27 in medical bills.  Petitioner believes this Settlement is in Robledo's best

1

interest and has advised Robledo that acceptance of the Settlement will bar Robledo from seeking further relief from Defendants. Petitioner understands that the net Settlement funds will be placed in a block account with Wells Fargo Bank, which is an accredited banking institution in the State of Nevada. The net Settlement funds will not be available to Robledo until he is 18 years old. Petitioner requests the Court enter an order approving the proposed compromise of minor Robledo's claim.

## DISCUSSION

NRS 41.200 states that if an unemancipated minor has a disputed claim for money against a third person, then the parent or guardian of the minor has the right to compromise the claim. "Such compromise is not effective until it is approved by the district court[.]" The statute sets forth the information that must be contained in any petition to compromise the disputed claim of a minor. NRS 41.200.2 (a)-(h). If the claim involves a personal injury suffered by the minor, NRS 41.200.3 requires the petitioner submit all relevant medical and health care records, which must include documentation of (a) the injury, prognosis, treatment, and progress of recovery of the minor; and (b) the amount of medical expense incurred to date, the nature and amount of medical expenses which have been paid and by whom, any amount owing for medical expenses and an estimate of the amount of medical expenses which may be incurred in the future. NRS 41.200.4 states that if the court approves the compromise of the claim of the minor, it must direct that the money be paid to the parent or guardian of the minor, with or without the filing of any bond, as the court, in its discretion, deems to be in the best interests of the minor. NRS 41.200.5 provides that upon receiving the proceeds of the compromise, the parent or guardian to whom the proceeds of the settlement are ordered to be paid, shall establish a blocked financial investment for the benefit of the minor with the proceeds of the compromise.

28 U.S.C. § 636(c) authorizes a magistrate judge to order entry of a judgment in a civil action upon the consent of the parties and when designated by the district court to exercise such jurisdiction. *See Allen v. Meyer*, 755 F.3d 866, 868 (9th Cir. 2014). California Rule of Court 7.950 governs the compromise of disputed claims of minors in a manner similar to NRS 41.200. Federal district courts in California generally treat orders approving the compromise of minors' claims as dispositive matters, which may only be finally approved by a magistrate judge upon the consent of the parties

and the specific referral of the district judge.  Otherwise, a magistrate judge may submit findings and recommendations for approval or disapproval of the proposed compromise.  *See Riddle v. The National Railroad Passenger Corporation*, 2014 WL 5783825 (S.D. Cal. 2014) (magistrate judge approved minors' compromise based on referral from district judge and consent of the parties); *Moore v. Count of Kern*, 2009 WL 3584355, *1 (E.D. Cal. 2009) (magistrate judge entered findings and recommendations regarding approval of petition for compromise of minor's claim); and *Romar v. Fresno Community Hospital and Medical Center*, 2009 WL 1939023 (E.D. Cal. 2009) (order adopting in part findings and recommendations of magistrate judge following *de novo* review of petition to approve compromise).  Therefore, the undersigned concludes that it is appropriate to issue findings and recommendations to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

The Court finds that the Petition in this case, together with the exhibits attached thereto, provides all of the information and documentation required under NRS 41.200.  The Court further finds that the proposed compromise is reasonable and appears to be in the best interest of the minor Plaintiff Ruben Robledo-Olvera.  The Court further finds that because the net amount to be paid for the benefit of the minor Plaintiff is less than $10,000.00, Petitioner will not need to file periodic verified annual reports detailing the activities of the blocked trust account during the previous twelve (12) months, pursuant to NRS 41.200(5).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Compromise of Minor's Claim (ECF No. 36) is **approved** by the Court as follows:

1.    That the proposed settlement of the claim of the minor against David Scott Thrond and T.S. Express, Inc. is approved in the sum of $15,697.33.

2.    That the medical bill for Spinal Rehabilitation Center in the amount of $2,000.00 be paid out of the Settlement; that medical bills for Nevada Medical Consultants in the amount of $600 be paid out of the Settlement; that the medical bills for Shield Radiology Consulting in the amount of $130 be paid out of the Settlement; and, that the medical bills for Optum of $348.41 be paid out of the Settlement for a total amount in medical bills to be paid out of the Settlement to be $2,970.27.

3

3.   That attorney's fees and costs of $4,000.00 and $2,427.33 respectively be paid out of the Settlement to Baker Law Offices.

4.   That the net proceeds of $6,461.59 in general damages be deposited into a separate blocked account for Ruben Robledo at Wells Fargo Bank, a federally insured financial institution in the State of Nevada.  Authorization to establish the blocked account for the benefit of the minor Robledo shall be given to the Petitioner, Robeldo's mother or a representative of the Baker Law Offices.

5.   That the funds deposited in the blocked trust account shall not be liquidated or diminished prior to July 4, 2021, upon the minor reaching the age of eighteen (18) years, with Court approval, with a final accounting as to the funds and upon showing that the withdrawal is in the best interest of the minor child.

6.   That the Petitioner shall, within sixty (60) days, file proof of the establishment of the blocked account.

DATED:  August 28, 2020

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE